UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

SHERRY CAICEDO,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )
DAVIDSON HOTEL COMPANY LLC d/b/a         )
MARGARITAVILLE HOLLYWOOD                 )
BEACH RESORT,                            )
                                         )
            Defendant.                   )
_____)

## COMPLAINT

Plaintiff SHERRY CAICEDO ("Caicedo" or "Plaintiff") sues the Defendant DAVIDSON HOTEL COMPANY LLC d/b/a MARGARITAVILLE HOLLYWOOD BEACH RESORT ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA")[1].

## PARTIES

2. At all times material, Plaintiff was a resident of Broward County, Florida.

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.



3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

5. At all times material, Defendant was a foreign company doing business in Broward County, Florida. Defendant is and at all times relevant was, resort and hotel in Hollywood Beach, Florida and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant conducts business in Broward County, Florida.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, or have been performed or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. Plaintiff worked for the Defendant as a reservations' agent from approximately February of 2019 through her wrongful termination on or about August of 2020.

11. Defendant considered Plaintiff a good employee.



12.     From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

13.     During or around June 2020, Plaintiff sustained an injury to her knee.

14.     Thereafter, Plaintiff began bringing a cane to work due to pain she was experiencing in her knee. Plaintiff used a cane to help her walk and to ameliorate the excruciating state of pain she was enduring on a daily basis.

15.     As a result of the pain, Plaintiff sought medical attention and was diagnosed with torn meniscus during or around July 2020.

16.     Plaintiff's diagnosis constituted a serious medical condition that physically impaired Plaintiff and caused her excruciating pain.

17.     On or about July 23, 2020, Plaintiff received medical treatment due to her serious medical condition.

18.     Plaintiff requested from the Defendant leave of absence related to her serious medical condition from July 23 through July 27, 2020.

19.     Then, Plaintiff requested from the Defendant leave of absence related to her serious medical condition from July 27 through August 9, 2020.

20.     On August 10, 2020, Defendant terminated Plaintiff.

21.     Up until her termination, Defendant had not explained Plaintiff her potential rights to leave under the FMLA.

22.      From the time of her termination, Plaintiff has become severely depressed and enduring physical and mental pain.

**COUNT I: INTERFERENCE WITH FMLA RIGHTS**
**(FAILURE TO PROVIDE FMLA INFORMATION)**



23. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

24. On August 10, 2020, Plaintiff was eligible for FMLA leave.

25. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition.

26. Plaintiff's torn meniscus is and was a serious medical condition.

27. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

28. Despite their knowledge of Plaintiff's medical condition, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

29. When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

30. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff prejudgment interest on her damages award;

   e. Award Plaintiff reasonable costs and attorney's fees;

   f. Award Plaintiff any further relief pursuant to the FMLA; and



    g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT II: INTERFERENCE WITH FMLA
### RIGHTS AGAINST DEFENDANT (TERMINATION)

31. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

32. On August 10, 2020, Plaintiff was eligible for FMLA leave.

33. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition, torn meniscus.

34. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

35. Despite its knowledge of Plaintiff's medical condition and need for surgery, Defendant terminated Plaintiff instead of affording her the opportunity to request FMLA leave.

36. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

37. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

    b. Reinstatement or compensatory mental damages;

    c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    d. Award Plaintiff liquidated damages;

    e. Award Plaintiff prejudgment interest on her damages award;



    f.    Award Plaintiff reasonable costs and attorney's fees;

    g.    Award Plaintiff any further relief pursuant to the FMLA; and

    h.    Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT III: VIOLATION OF THE FMLA– RETALIATION

38.    Gonzalez repeats and re-alleges paragraphs 1-21 as if fully stated herein.

39.    Defendant terminated Plaintiff following her notification about required medical leave, which constitutes a request for taking FMLA leave.

40.    Defendant terminated Plaintiff because she requested FMLA leave as described above.  Specifically, Plaintiff requested FMLA leave when she explained that she needed time off for medical reasons related to her torn meniscus.  The injury that afflicted Plaintiff was a serious medical condition.

41.    Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

42.    Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

43.    As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

    b.    Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;



6

    c.  Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

    d.  Award Plaintiff liquidated damages;

    e.  Reinstatement;

    f.  Award Plaintiff prejudgment interest on her damages award;

    g.  Award Plaintiff reasonable costs and attorney's fees; and

    h.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: September 3, 2020.

**By:   /s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

